IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

CARLOS WOODS,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

CIVIL NO.: WDQ-10-1321
CRIMINAL NO.: WDQ-07-0127

MEMORANDUM OPINION

Pending is Carlos Woods's *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2010). For the following reasons, the motion will be denied.

I. Background

On February 10, 2002, Woods was arrested by Baltimore City Police officers when they saw him engage in hand-to-hand drug transactions in a Baltimore alley ("case number 102073036"). Presentence Rep. 6. On March 21, 2002, Woods was arrested when officers saw him engage in drug transactions out of a vacant Baltimore house ("case number 102101020"). *Id.* Case numbers 102073036 and 102101020 were consolidated, and on November 12, 2002, Woods pled guilty in the Circuit Court for Baltimore City to two counts of conspiracy. *Id.* He was sentenced to four years imprisonment, with all but 24 days suspended. *Id.*

On May 13, 2005, Woods pled guilty in the Circuit Court for Baltimore City to one count of distribution of heroin and cocaine. *Id.* 7. He was represented by Roger Harris, Esquire. May 13, 2005 Plea Hr'g Tr. 3:14-15. Woods was advised that if he did not plead guilty he could proceed to a jury trial and "the jury panel would have to find [him] guilty beyond a reasonable doubt." *Id.* 8:15-19. At the hearing, Woods admitted that he was handed cash by his co-defendant immediately after his co-defendant "made trips into [an] alley with [narcotics] buyers" and that "several empty sandwich bags . . . used to hold street-level narcotics" were found in the alley. *Id.* 24:4-20. Woods also admitted that on a separate occasion he "met . . . people in the alley and began to hand out clear gel-caps with . . . heroin in exchange for U.S. currency." *Id.* 27:21-24.

On February 9, 2007, Baltimore City Police videotaped Woods conduct multiple hand-to-hand drug transactions on two Baltimore streets known for drug-trafficking. ECF No. 52. Woods was arrested, and officers found a cocaine stash under a porch where he had been. *Id.* In a recorded interview, Woods—who had been advised of and waived his *Miranda* rights—admitted to selling cocaine and marijuana and that the stash was his. *Id.*

On March 20, 2007, a federal grand jury indicted Woods on two counts of possession with intent to distribute cocaine and marijuana in violation of 21 U.S.C. § 841. ECF No. 12. He was represented by Joseph Balter, Esquire, who filed motions to suppress tangible evidence and statements, and a motion to dismiss the indictment for vindictive prosecution. ECF Nos. 16, 17, 20. On May 25, 2007, the Government filed its 21 U.S.C. § 851 notice, listing six previous felony drug convictions that it intended to use to seek an increased sentence. ECF No. 24. On June 5, 2007, following a hearing before then United States Magistrate Judge James K. Bredar, Dwight Crawley, Esquire, was appointed to replace Balter as Woods's counsel. ECF No. 26.

On August 1, 2007, this Court held a pre-trial motions hearing. ECF No. 30. When the hearing began, Crawley told the Court that Woods had asked him to withdraw from the case. Pet.'s Mot. 8. Woods stated that he wanted a different lawyer because Crawley had told him that he did not have a strong defense and advised him to consider a plea. *Id.* The Court denied Woods's request. *Id.* Crawley represented Woods at the hearing, and the Court denied Woods's motions to suppress and to dismiss the indictment. ECF No. 30. On August 3, 2007, a jury found Woods guilty of both charges. ECF No. 35.

On October 23, 2007, this Court sentenced Woods, a career offender, to 262 months imprisonment. ECF No. 42. Woods's

sentence was based on a total offense level 34 and criminal history category VI, which yielded a guidelines range of 262 to 327 months. Woods appealed his verdict and sentence, and on January 5, 2009, the Fourth Circuit affirmed. ECF No. 52. On May 24, 2010, Woods filed his § 2255 motion. ECF No. 74.[1]

II. Analysis

    A. Vindictive Prosecution Claim

Woods argues that he is entitled to relief because his "selective" and "vindictive" prosecution violated the Fifth Amendment. Pet.'s Mot. 8. He contends that he was prosecuted in this case because a jury previously found him not guilty of murder and attempted murder. *Id.* 15-16. Woods concedes that the Fourth Circuit decided this issue in his direct appeal. *Id.* 5.[2] Because claims decided on direct appeal are not subject to collateral review, Woods is precluded from raising this issue

---

[1] On August 24 and September 24, 2010, Woods filed motions to amend his § 2255 petition, which the Government has not opposed. ECF Nos. 84 & 85. Those motions will be granted.

[2] The Fourth Circuit held that Woods's prosecution was not vindictive because "objective evidence in the record clearly support[ed] the Government's decision to prosecute Woods in federal court" and "the Government clearly had probable cause to believe that Woods committed the charged offenses." ECF No. 52 at 5.

4

again. *United States v. Dark*, 299 F.3d 1144, 1144 (4th Cir. 2000).[3]

B. Jurisdictional Challenges

Woods argues that he is entitled to relief because this Court "never had territorial, traditional, or formal subject matter jurisdiction to prosecute his case." Pet.'s Mot. 20. He also contends that "[t]he Federal Government lacks general police power over the people of the United States," and that his prosecution violated the Tenth Amendment. *Id.* at 20-21.

"Jurisdiction" has different meanings. Subject matter jurisdiction is a court's "statutory or constitutional *power* to adjudicate the case." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998). "Territorial jurisdiction means that a court may only rule on a case when the offense is committed within its geographic territory." *United States v. Wiggins*, 2011 WL 806383, at *5 (D. Md. March 1, 2011).

Woods was criminally charged with violating the federal Controlled Substances Act. 21 U.S.C. § 801 *et seq.* Federal courts have exclusive power to adjudicate violations of the

---

[3] Woods has also moved for an order directing the Baltimore City State's Attorney to "release . . . all the records of the charges that [were] used to consider him a target for the Baltimore Exile Initiative." ECF No. 82. The basis for his request is that it will help prove that he was "wrongly targeted" for prosecution in this case. *Id.* As the Fourth Circuit has held that Woods's federal prosecution was not vindictive, his request for records will be denied.

5

Controlled Substances Act,[4] and this Court has territorial jurisdiction because the offenses were committed within this District.[5] Further, his prosecution did not violate the Tenth Amendment. The Controlled Substances Act was properly enacted under Congress's Clause power,[6] and "there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts." *United States v. Hartwell*, 448 F.3d 707, 716 (4th Cir. 2006).

C. Actual Innocence

Woods argues he is entitled to relief because he is "actually innocent of intent to distribute . . . cocaine and marijuana considering the evidence presented at trial." Pet.'s Mot. 24. He states that because "all the evidence presented at . . . trial showed that [he] distributed [p]owder cocaine and marijuana . . . he is actually innocent of the charge of intent to distribute." *Id.* 25. His argument is that because he actually distributed the cocaine and marijuana, he cannot be guilty of possession with intent to distribute those substances.

---

[4] *See* 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction . . . of all offenses against the laws of the United States.").

[5] *Wiggins*, 2011 WL 806383 at *5. The evidence presented at trial was that Baltimore City Police videotaped Woods "engaging in multiple hand-to-hand drug transactions with other persons" on "two Baltimore, Maryland avenues known for drug dealing." ECF No. 52 at 3.

[6] *Gonzalez v. Raich*, 545 U.S. 1, 15 (2005).

6

*See id.* As Woods admits, the evidence at trial showed that he was videotaped engaging in hand-to-hand drug transactions. *Id.* 24. Those videotapes also establish that Woods possessed the drugs with the intent—that he acted on—to distribute.[7]

D. Ineffective Assistance of Counsel

Woods argues he is entitled to relief because attorney Crawley provided ineffective assistance. Pet.'s Mot. 27. He contends that Crawley should have: (1) fully investigated Woods's criminal history and challenged his designation as a career offender, (2) challenged a citation error in the indictment, (3) objected to the Government's § 851 notice, and (4) objected to use of the 2007 amended version of the United States Sentencing Commission Guidelines Manual. Pet.'s Mot. 27-44.

The Sixth Amendment guarantees the effective assistance of counsel. *Strickland v. Washington,* 466 U.S. 668, 686 (1984). Under *Strickland's* two-part test, Woods has the burden of proving that: (1) counsel's deficient performance (2) prejudiced his defense. *Id.* at 687; *United States v. Luck,* 611 F.3d 183, 186 (4th Cir. 2010).

---

[7] *See, e.g., United States v. Cardenas-Villalba,* 872 F.2d 431 (9th Cir. 1989) (when "the . . . evidence adduced at trial show[ed] that the defendant actually distributed the cocaine" it was "inconceivable that a rational jury could find [he was in] simple possession [of the cocaine], but not [in] possession with intent to distribute").

Deficient performance requires Woods to show that Crawley made errors so serious that the "representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 686, 689. This standard of review is "highly deferential," and there is a "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance". *Id.* at 668.

To demonstrate prejudice, Woods must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "The benchmark of an ineffective assistance claim must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *Id.* at 686.

1. Failure to Investigate Criminal History

Woods argues that Crawley was ineffective because he did not investigate the prior convictions used to support Woods's designation as a career offender. Pet.'s Mot. 27-34. Woods argues that before he pled guilty to distribution of heroin and cocaine in 2005, he was not "informed that he is presumed to be innocent until proven guilty," nor told "the elements of the offense." *Id.* 28. He states that "not once was the element[] of distribution explained to [him]," and argues his plea violated due process and Maryland Rule 4-242 (c). *Id.* 29. He

8

contends that had Crawley investigated the 2005 conviction, he would have objected to Woods's career offender designation. *Id.*

With the exception of convictions obtained without counsel, a defendant at federal sentencing may not collaterally attack the validity of a prior state conviction used to enhance his federal sentence. *See Custis v. United States*, 511 U.S. 485 (1994); *United States v. Walker*, 202 F.3d 1066, 1067 (8th Cir. 2000). Woods has not argued that he lacked counsel at the 2005 plea hearing; rather, he was represented by Roger Harris, Esquire. May 13, 2005 Plea Hr'g Tr. 3:14-15. Accordingly, Woods would not have been allowed to attack the validity of the 2005 plea at his federal sentencing, and Crawley was not unreasonable for failing to make a futile attempt. *United States v. Delano*, 238 F.3d 424, 424 (6th Cir. 2000).[8]

---

[8] As the Supreme Court has explained, "after an enhanced federal sentence has been imposed . . . the person sentenced may pursue any channels of direct or collateral review still available to challenge his prior conviction." *Daniels v. United States*, 532 U.S. 374, 382 (2001). Petitioners such as Woods may "attack the predicate felony conviction itself, either in state court or through federal habeas review, rather than attacking it indirectly by seeking to obviate the effect it has on the sentencing process for another, recidivist, conviction." *United States v. Gadsen*, 332 F.3d 224, 228 (4th Cir. 2003). "If such [a] challenge to the underlying conviction is successful . . . the defendant may then apply for reopening of his federal sentence." *Id.*

2.  Failure to Challenge 21 U.S.C. § 851 Notice

Woods argues that Crawley was ineffective because he failed to challenge the Government's 21 U.S.C. § 851 notice, which stated the prior convictions that it would use to seek an enhanced sentence. Amend. Pet. 1.[9]

Crawley was not ineffective for failing to object to the notice. As discussed above, Woods's 2005 state conviction was not subject to collateral attack, and Woods has not shown that any other convictions were improperly considered. Thus, he has not shown that Crawley acted unreasonably, or that any prejudice resulted from Crawley's failure to object.

3.  Failure to Challenge Citation Error

Woods argues that Crawley was ineffective because he failed to challenge a citation error in Woods's indictment. Pet.'s Mot. 37-41. The indictment charged Woods with violating 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C). The Government concedes that "[t]he citation to 21 U.S.C. § 841(b)(1)(C) was made in error based on the amount of marijuana recovered during the investigation of Woods," but argues that Crawley's failure to object to the error did not prejudice Woods, as he was only convicted of violating § 841(a)(1).

---

[9] 21 U.S.C. § 851(a) requires that the Government "file[] an information with the court . . . stating in writing the previous convictions to be relied upon" in increasing the defendant's sentence.

Govt's Opp'n 11. Woods has not argued how Crawley's failure to challenge the citation error prejudiced him, and "the guilty verdict rendered any error . . . harmless." *Bradshaw v. United States,* 2010 WL 3928663, at *7 (N.D. W. Va. Aug. 23, 2010) (failure to challenge error in indictment did not render counsel ineffective). Woods is not entitled to relief on this basis.

4. Sentencing Guidelines

Woods argues that Crawley was ineffective because he did not object to use of the amended language § 4A1.2(A)(2) of the 2007 United States Sentencing Commission Guidelines Manual. Pet.'s Mot. 33-34. He states that the manual's 2006 version should have been used instead of the 2007 version, and as a result his criminal history score was calculated to be 18, instead of 10. *Id.* at 33. He argues that because his convictions in case numbers 102101020 and 102073036 "were consolidated for trial and sentencing," the presentence report should have treated them as related offenses under the 2006 manual, but instead, the amended version of § 4A1.2(A)(2) was applied and the convictions were counted separately. *Id.*

Section 4A1.2(A)(2) of the 2006 guidelines stated that: "Prior sentences imposed in unrelated cases are to be counted separately. Prior sentences imposed in related cases are to be treated as one sentence." Application Note 3 explained that "[p]rior sentences are not considered related if they were for

offenses that were separated by an intervening arrest . . . otherwise, prior sentences are considered related if they resulted from offenses that . . . were consolidated for trial or sentencing." *United States v. Smith*, 307 Fed. Appx. 966, 968 (6th Cir. 2009). In 2007, § 4A1.2(A)(2) was amended to provide that:

> Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (*i.e.*, the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day.

U.S.S.G. § 4A1.2(a)(2) (2007).

The 2007 amendment "did not change § 4A1.2 (a)(2)'s directive that offenses separated by an 'intervening arrest' are always counted separately." *United States v. Ramsey*, 297 Fed. Appx. 519, 520 (7th Cir. 2008). Although case numbers 102073036 and 102101020 were consolidated for trial and sentencing, they were properly considered as separate offenses under either the 2006 or 2007 version of the guidelines because they were separated by an intervening arrest. Crawley was not unreasonable for failing to object to the correct computation of Woods's criminal history score.

E.  Sixth Amendment Right to Counsel

Woods argues that he is entitled to relief because this Court violated his Sixth Amendment rights by denying his request for appointment of an attorney other then Crawley. Pet.'s Mot. 7-11; Pet.'s Reply 3-4.

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI.  Although "the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant, rather than to ensure that a defendant will inexorably be represented by a lawyer whom he prefers." *Wheat v. United States*, 486 U.S. 153, 158-59 (1988).

Thus, the "right to choose one's own counsel is circumscribed in several important respects," and a criminal defendant cannot "insist on representation by an attorney he cannot afford." *Id.* at 159.  When confronted with a defendant's request to disqualify counsel, a district court must "exercise its own independent judgment as to whether the proceedings are likely to have the requisite integrity if a particular lawyer is allowed to represent [the defendant]." *United States v. Williams*, 81 F.3d 1321, 1324 (4th Cir. 1996). The appropriate inquiry "has more to do with ensuring the

fairness and integrity of the adversarial process generally than with vindicating a defendant's desire to have the particular lawyer that he or she wants most." Id.

Woods has offered no support for his claims that Crawley was ineffective or failed to advocate for his interests. His argument that a different attorney should have been appointed because Crawley "informed [Woods] that there was no need to proceed to trial because he felt like there was no defense" is not a basis for concluding that Woods's Sixth Amendment right was violated. Pet.'s Reply 3. Although Crawley may have felt that Woods was unlikely to prevail at trial, he actively participated in the pre-trial motions, cross-examined witnesses, and assertively defended Woods at trial. Woods has shown no basis for concluding that his Sixth Amendment right was violated. See Wheat, 486 U.S. at 159.

F.  Certificate of Appealability

A certificate of appealability ("COA") must issue before a petitioner may appeal the court's decision in a 28 U.S.C. § 2255 case. See 28 U.S.C. §(c)(1). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § (c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282

(2004), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell,* 537 U.S. 322, 335-36 (2003). Because Woods has not made a substantial showing of the denial of his constitutional rights, the Court will not issue a COA.

III. Conclusion

For the reasons stated above, Woods's motion to vacate, set aside, or correct his sentence will be denied.

_4/29/11_
Date

_/s/ William D. Quarles_
William D. Quarles, Jr.
United States District Judge